UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

Sheba Erickson and Pete Desrochers,

                Plaintiffs,

v.

Mann Bracken, LLP,

                Defendant.

Civil Action No.: PJM 09 CV 0195

## COMPLAINT

For this Complaint, the Plaintiffs, Sheba Erickson and Pete Desrochers, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Sheba Erickson (hereafter "Plaintiff"), is an adult individual residing at 4612 Valley Forge Drive, Rockville, Maryland 20853, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff, Pete Desrochers (hereafter "" and together with X "Plaintiffs"), is an adult individual residing at 4865 Tanners Spring Drive, Alpharettam, Georgia 30022, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Mann Bracken, LLP (hereafter "Defendant"), is a foreign limited liability partnership with an address of 2727 Paces Ferry Road, One Paces West, Suite 1400, Atlanta, Georgia 30339, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7. Plaintiffs incurred financial obligations that were primarily for family, personal or household purposes, and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. Thereafter, the debts were purchased, assigned or transferred to Defendant for collection from Plaintiffs.

9. The Defendant then began attempts to collect these debts from the Plaintiffs, which were a "communication" as defined in 15 U.S.C. § 1692a(2).

10. The Defendant sent, via email, the Plaintiffs' confidential settlement agreements to at least seven known third parties.

11. The individual settlement agreements contained information pertaining to the amount of the debt each Plaintiff owed, the number of payments to be made, the amount of each payment to be made, the Plaintiffs' home addresses, the names of the original creditor and the Plaintiffs' name.

12. The Defendants further disclosed to third parties, in writing and on the cover page of the facsimile/email transmission, the name of each individual Plaintiff as well as a statement that the communication was an attempt to collect a debt.

13. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

14. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendant contacted third parties with regard to the Plaintiffs' debts, without the intention of confirming or correcting location information, in violation of 15 U.S.C. § 1692b(1).

16. The Defendant informed third parties of their attempt to collect a debt from the Plaintiffs, in violation of 15 U.S.C. § 1692b(2).

17. The Defendant communicated with third parties on more than one occasion about the Plaintiffs' debts, in violation of 15 U.S.C. § 1692b(3).

18. The Defendant used language on the cover page of the email/facsimile transmission indicating that the communication was an attempt to collect the Plaintiffs' debts, in violation of 15 U.S.C. § 1692b(5).

19. The Defendant communicated with third parties about the Plaintiffs' debts without consent of the consumer or permission by a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b).

20. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, *et seq.*

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant is a "collector" as defined under MD. Code Comm. Law § 14-201(b).

24. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

25. The Defendant contacted third parties and disclosed information about the Plaintiffs' debt with knowledge that third parties did not have a legitimate business need for the information, in violation of MD. Code Comm. Law § 14-202(5).

26. The Plaintiffs have suffered emotional distress and mental anguish as a result of the Defendant's repeated violations.

27. The Plaintiffs are entitled to damages proximately caused by the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 21, 2009

Respectfully submitted,

By /s/ Andrea Colender

Andrea Colender MD Bar No. 10217
1648 Trawler Lane
Annapolis, MD  21409
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Email: acolender@lemberglaw.com
MD Bar No. 10217

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666